*1249 OPINION.
Tyson:
The petitioner’s contention, that the relationship between the Detroit Trust Co. and the former owners of the mortgage bonds was that of principal and agent, is untenable. In our opinion, no *1250 extended discussion of this contention is necessary, for the “declaration of trust” executed on May 12, 1936, clearly created a legally existing trust of which the Detroit Trust Co. was the trustee and as such held legal title to the property and operated the same during 1937 for the purposes set forth in that instrument. We hold that such trust was established primarily for the acquisition and liquidation of the property involved for the benefit of the beneficiaries thereof and is subject to tax as a pure trust under section 161 of the Revenue Act of 1936, as determined by respondent. Broadway-Brompton Buildings Liquidation Trust, 34 B. T. A. 1089; cf. Girard Trust Co., Trustee, 34 B. T. A. 1066; Frederick Pitzman et al., Trustees, 36 B. T. A. 81; and Pieroni Building Trust, 45 B. T. A. 157.
The petitioner’s alternative contentions that the net income of the trust was not taxable to it for the reasons either (a) that such income was currently distributable to the beneficiaries under section 162 (b) of the Revenue Act of 1936 or (b) it was properly “paid or credited” to them during the taxable year under section 162 (c) of that act because used to discharge legal obligations of the beneficiaries, must be denied. Petitioner’s alternative contention (a) is denied because under the provisions of the trust instrument the trustee was required to deduct from current gross income all disbursements and expenses, including taxes and costs of foreclosure of the mortgage before any portion of its income might be distributed to the beneficiaries and during the taxable year 1937 all the income of the trust was expended in paying accrued taxes and foreclosure expenses, leaving no amount “to be currently distributed by the fiduciary to the beneficiaries” within section 162 (b), supra. Central Hanover Bank & Trust Co., Executor, 34 B. T. A. 741. Petitioner’s alternative contention (b) is denied; because all the trust income for 1937 was actually used to discharge accrued taxes and foreclosure expenses which had accrued prior to the trust’s acquisition of the property and thus no amount of the trust income was actually “paid” to the beneficiaries within the provisions of section 162 (c), supra; and, further, because no amount was properly “credited” to the beneficiaries under 162 (c), supra, by reason of the payment of such taxes and foreclosure expenses, since the beneficiaries of the trust never owned the premises, those premises having been acquired by the trust as a separate entity, and the beneficiaries were not personally liable for such taxes and foreclosure expenses, which were paid by the trustee in 1937 pursuant to the direction of the instrument creating it, and thus no part of the trust income for 1937 was “credited” to the beneficiaries constructively or otherwise.
Because of the necessity that the trust first pay all taxes and foreclosure expenses, there was no income for the taxable year remaining which was, or could be, held or accumulated by the trustee in its dis *1251 cretion, or in the discretion of the grantors, for future distribution to the grantors, nor was the payment of such taxes and foreclosure expenses made in discharge of any legal obligations of the grantors; and for these reasons, if no other, section 167 (a) (1) of the Revenue Act of 1936 has no application here, as contended by petitioner on brief.
In regard to the third issue presented, the petitioner contends that the trust is entitled to deduct depreciation computed on a basis of $31,000, representing the fair market value of the building on the premises at date of the trustee’s purchase thereof at foreclosure sale, for the reason that the bid price did not represent the actual value of the property acquired. On this issue petitioner’s contention must be sustained upon authority of Bondholder’s Committee v. Commissioner, 315 U. S. 189; Helvering v. New President Corporation, 122 Fed. (2d) 92; and Hadley Falls Trust Co. v. United States, 110 Fed. (2d) 887. We hold that respondent erred in computing depreciation for 1937 on the basis of the price bid at the foreclosure sale.

Decision will be entered wider Rule 50.